RAMÓN TORRES, Petitioner and Appellant, *v.* MUNICIPAL COURT OF SAN JUAN, PEDRO MANZANO AVIÑÓ, JUDGE, Respondent and Appellee.

No. 3831. Argued February 17, 1926.—Decided April 28, 1926.

*Arturo O'Neill* for the appellant. The *Attorney General, C. Llauger Díaz* and *Emilio Aldrey* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

In an action to recover money brought in one of the municipal courts of this city an attachment was granted against the defendant, an employee of the Insular Government, and the Auditor of Porto Rico was notified that he should retain each month one-fourth of the defendant's salary and remit it to the clerk of the court until the amount sued for should be covered.

The defendant made no appearance and the clerk entered a default judgment against him. Shortly thereafter the Acting Auditor of Porto Rico petitioned the court for leave to intervene specially and move for dissolution of the attachment on the ground that the order of attachment tended to interrupt and impair the good conduct of an office of the Government of Porto Rico; that there is no law expressly authorizing the attachment of salaries of officers and employees of the Insular Government or a deduction from their earnings while they are in the hands of the Treasurer of Porto Rico, and that the said attachment is against public policy.

The plaintiff opposed the petition, but the municipal court granted it and, after hearing the parties on the motion to dissolve the attachment, sustained the motion and dissolved the attachment. To review those rulings the plaintiff brought certiorari proceedings in the District Court of San Juan, which issued the writ and after hearing the parties discharged it on the ground that the Acting Auditor had a right to intervene and that the salaries of government employees can not be attached, which decision is the ground of this appeal taken by the party prejudiced thereby.

Four grounds are set up by the appellant for a reversal of that decision; but they may be condensed into the two propositions (1) that the lower court should not have per-

mitted the intervention of the Acting Auditor of Porto Rico by holding that he had an interest in the action, especially after judgment had been rendered, and (2) that it should not have decided whether or not the salary of a government employee may be attached, confusing the right to be heard with a favorable decision.

In support of his first ground of appeal the appellant alleges that section 72 of the Code of Civil Procedure allows intervention before trial only to persons having an interest in the matter in litigation, in the success of either of the parties, or an interest against both, and that as the Acting Auditor of Porto Rico is not within any of those conditions and the suit between the parties was ended by judgment, his intervention should not have been allowed.

It is true that the Auditor of Porto Rico has no material interest in the litigation in the sense that he is not affected by the question of whether or not the defendant owes the amount claimed, for which he made no allegation in that respect in his petition to intervene, and that the suit was ended by the judgment entered against the defendant therein, for which it is clear that the intervention prayed for can not be based on the statute cited; but as the Auditor was notified and ordered to deduct and retain one-fourth of the salary of the defendant as a government employee and remit it every month to the office of the clerk of the municipal court, if he had no legal obligation to make such deductions he had a right to be relieved of the order and for this reason he could petition the court to that effect. This is why his petition, although called a petition for intervention, is not that authorized by said section 72, but merely a petition to be relieved of the obligation imposed on him, and for this reason it had not to comply with the requirements of the said statute, wherefore the court below committed no error in holding that the Acting Auditor of Porto Rico could intervene in the suit in the municipal court.

The second question raised by the appellant is based on the fact that only questions of procedure or jurisdiction can be reviewed in a certiorari proceeding, and that the court below could not decide therein whether or not the salary of a government employee is subject to attachment. However, as the Acting Auditor alleges that he is not bound to retain a part of the defendant's salary and deliver it to the clerk of the municipal court, because there is no law expressly authorizing the attachment of the salary of a government employee, such a question involves the jurisdiction of the court to order the attachment of the defendant's salary and to direct the Auditor to deduct and retain a part of such salary; therefore the court below committed no error in deciding that question in the certiorari proceeding involved in this appeal.

In spite of the fact that the decision of the court below holding that the salary of a government employee is not subject to attachment is not alleged to be erroneous by the appellant, perhaps because he has contended in this court that that question should not have been determined by the court in the certiorari proceeding, the appellee asks us to decide it because the matter is of public interest in view of the great number of attachments that are pending the definite decision of that question. We do not feel authorized to decide that question, which has not been raised by the appellant, as we would be deciding it without a hearing.

The judgment appealed from must be affirmed.